IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03-3460-CV-S-ODS |
| | ) | |
| STRAUS ENTERPRISES, INC., | ) | |
| d/b/a SUBWAY and JOHN STRAUS, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER AND OPINION (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND (2) DISMISSING WITHOUT PREJUDICE COUNTS THREE AND FOUR

Pending is Defendants' Motion for Summary Judgment (Doc. # 27). For the following reasons, Defendants' motion is granted with regard to Counts One and Two, and Counts Three and Four of Plaintiff's Complaint are dismissed without prejudice.

### I. BACKGROUND

Plaintiff Robert Malone filed the above-captioned matter on December 22, 2003, against Defendants Straus Enterprises, Inc., d/b/a Subway, and John Straus, alleging that Defendants terminated his employment as the general manager of Subway Store #6659 "for the reason that he associated with a disabled person." Pl's Compl. ¶ 13. The "disabled person" referred to in his Complaint is Plaintiff's wife, Hattie Mae Malone. Plaintiff asserts the following causes of action: violation of the Americans with Disabilities Act ("ADA"), violation of the Missouri Human Rights Act ("MHRA"), negligent infliction of emotional distress and intentional infliction of emotional distress.

In May 2000, Plaintiff became employed by Defendant Straus Enterprises as a general manager of Subway Store #6659 and was hired and supervised by Defendant John Straus, Vice President of Straus Enterprises. At the time of Plaintiff's hiring,

Defendants knew that Plaintiff's wife was disabled. Straus Enterprises operated Subway restaurants, included Subway Store #6659 in Lebanon, Missouri, pursuant to a franchise agreement with Doctor's Associates, Inc. The franchise agreement required Defendants to operate the Subway restaurants pursuant to the guidelines set by Doctor's Associates. Doctor's Associates frequently conducted store evaluations and issued compliance reports on the Subway restaurants operated by Defendants. A copy of these reports were provided to Defendants. Violations of certain guidelines could result in the termination of the franchise agreement.

As a general manager, Plaintiff was responsible for staffing, daily operations, and making sure the restaurant operated in a manner that complied with the requirements of the franchise agreement. In a Restaurant Evaluation and Compliance Review ("Compliance Review") dated May 7, 2002, five areas of noncompliance were reported, which included food safety. One month later, another Compliance Review noted several areas of noncompliance, including bread being placed in unclean pans and the preparation of seafood of products. On July 24, 2002, a Compliance Review reported that the store was noncompliant with regard to the cleanliness, food preparation, lighting and hourly cash deposits. In a Compliance Review on August 20, 2002, noncompliance was reported with regard to employees not wearing proper uniforms, sandwiches not being made according to the approved formula and Plaintiff's failed to order necessary product for a featured item. On September 17, 2002, a Compliance Review found that the store was noncompliant with, among other things, lighting and food storage.

On or about October 8, 2002, Defendants were notified that Doctor's Associates had commenced arbitration proceedings against Defendants for the termination of the franchise agreement for Store #6659. Again, on October 25, 2002, another Compliance Review found that the food preparation and cleanliness were not in compliance. Four days later, a mystery shopper noted that there were issues with the store's cleanliness. In a Compliance Review, dated November 22, 2002, the store's cleanliness was not compliant with the franchise agreement. Plaintiff's employment was terminated on December 1, 2002.

On June 17, 2005, Defendants filed a Motion for Summary Judgment. After

Plaintiff failed to respond to Defendants' motion, the Court issued an Order on July 25, 2005, directing Plaintiff to show cause why the relief requested by Defendants should not be granted. Plaintiff has failed to file any response to the Court's order or Defendants' motion, and the time for doing so has passed.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III. DISCUSSION

*A. ADA & MHRA Claims*

The ADA prohibits an employer from discriminating against "a qualified individual with a disability because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4) (1995). Because there is no direct evidence of discrimination, Plaintiff's claims are

3

analyzed under the burden-shifting framework established in McDonnell Douglas v. Green. 411 U.S. 792, 802-04 (1973). Under this framework, once the plaintiff has established a prima facie case of discrimination, the burden then shifts to the defendant to offer a legitimate nondiscriminatory reason for its actions. Id. The plaintiff must then show that the defendant's proffered reason was merely a pretext for discrimination. Id.

To sustain a prima facie case of discrimination under the ADA for a claim involving the association with a disabled person, a plaintiff must show that (1) he suffered an adverse employment action; (2) he was qualified for the job at the time the adverse employment action occurred; (3) he was known by his employer at the time to have a relationship or association with a disabled person; and (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision. See Larimer v. Int'l Bus. Mach., 370 F.3d 698, 701 (7th Cir. 2004) (quoting Den Hartog v. Wasatch Acad., 129 F.3d 1076, 1085 (10th Cir. 1997)).[1] It is undisputed that Plaintiff suffered an adverse employment action and that he was known by his employer to have a relationship with a disabled person.

It is unnecessary for the Court to address whether Plaintiff was qualified for the position because Plaintiff has failed to establish that the adverse employment action occurred under circumstances raising a reasonable inference that the disability of Plaintiff's wife was a determining factor in Defendants' decision to terminate Plaintiff's employment. First of all, there is no evidence or indication whatsoever that Plaintiff's termination occurred under circumstances raising a reasonable inference that the disability of Plaintiff's wife was a determining factor in the employer's decision. Furthermore, Plaintiff admits that Defendants knew that his wife was disabled before he was hired in May 2002. Pl.'s Answer to Defs.' Interrog. No. 12. The Eighth Circuit has held on many occasions that there is a powerful inference that an employment decision is not motivated by discrimination when the employer knows of the employee's

---

[1] Plaintiff's claims under the ADA and the MHRA are governed by the same standards. See Epps v. City of Pine Lawn, 353 F.3d 588, 591 n.3 (8th Cir. 2003) (citations omitted).

4

membership in a protected class when the employer hires that person. See e.g., Calvin v. Yellow Freight Sys., Inc., 218 F.3d 904, (8th Cir. 2000) (stating that a person is unlikely to hire a minority and then fire that person based on his or her minority status); Lowe v. J.B. Hunt Transp., Inc., 963 F.2d 173, 174-75 (8th Cir. 1992) (stating that the fact that Plaintiff was a member of a protected age group when he was hired created an inference that the employer's decision to terminate the employment was not motivated by age discrimination). Moreover, there is also a strong inference that discrimination was not a motivating factor in Defendants' decision to terminate Plaintiff because the same person hired and fired Plaintiff within less than three years. See Herr v. Airborne Freight Corp., 130 F.3d 359, 362-63 (8th Cir. 1997) (stating "[t]here is a strong inference that discrimination was not a motivating factor if the same person hired and fired the plaintiff within a relatively short period of time.") (citations omitted). For these reasons, Plaintiff has failed to establish a prima facie case of discrimination under the ADA, and summary judgment is entered in favor of Defendants on Counts One and Two.[2]

*B. Negligent and Intentional Infliction of Emotional Distress Claims*

The Court has granted summary judgment with regard to Plaintiff's federal law claim, leaving Plaintiff's claims for negligent and intentional infliction of emotional distress - both of which are pendent state law claims. Diversity of citizenship is lacking, so the Court does not have original jurisdiction over the remaining claims. The Court declines to exercise pendent jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's remaining state law claims are dismissed without prejudice for lack of jurisdiction.

## IV. CONCLUSION

---

[2] Even if Plaintiff had established a prima facie of discrimination under the ADA and the MHRA, Defendants have met its burden under McDonnell Douglas by offering a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. As shown by the numerous Compliance Reviews, Plaintiff failed to keep Subway Store #6659 in compliance with the franchise agreement.

5

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted with regard to Plaintiff's ADA Claim (Count One) and MHRA Claim (Count Two). Plaintiff's claim of negligent infliction of emotional distress (Count Three) and intentional infliction of emotional distress (Count Four) are dismissed without prejudice.

IT IS SO ORDERED.

DATE: August 11, 2005                           /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, JUDGE
                                                UNITED STATES DISTRICT COURT